# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBEW LOCAL UNION NO. 102. IBEW LOCAL 102 PENSION, SURETY AND JOINT APPRENTICESHIP TRAINING FUNDS and their BOARD OF TRUSTEES, and the IBEW LOCAL 102 DISTRIBUTION FUND as collection agent, <br><br> Plaintiffs, <br><br> vs. <br><br> TRU VAL ELECTRIC CORP., <br><br> Defendant. | Civil Action No. 2:23-cv-21699 (CCC, JRA) <br><br> **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND** |

Defendant, Tru Val Electric Corp. ("Tru Val"), by and through its counsel, Tesser & Cohen, P.C., by way of Answer to the First Amended Complaint (the "Complaint") filed by the Plaintiffs, IBEW Local Union No. 102, IBEW Local 102 Welfare, Pension, Surety and Joint Apprenticeship Training Funds and their Boards of Trustees, and the IBEW Local 102 Distribution Fund as collection agent (collectively "Plaintiffs" and each a "Plaintiff"), does hereby say as follows:

## THE PARTIES

1. Defendant is unable to confirm or deny the validity of the allegations in the corresponding paragraph of the Complaint and leaves the Plaintiffs to their proofs.

2. Defendant is unable to confirm or deny the validity of the allegations in the corresponding paragraph of the Complaint and leaves the Plaintiffs to their proofs.

1

3. Defendant admits the allegations in the corresponding paragraph of the Complaint.

## JURISDICTION

4. The corresponding paragraph of the Complaint speaks to a legal conclusion and no response is required. To the extent a response is required, Defendant admits the allegations in the corresponding paragraph of the Complaint.

5. The corresponding paragraph of the Complaint speaks to a legal conclusion and no response is required. To the extent a response is required, Defendant admits the allegations in the corresponding paragraph of the Complaint.

## FIRST COUNT

6. Defendant repeats and realleges each and every paragraph of this Answer as if it were set forth fully and at length herein.

7. The corresponding paragraph of the Complaint speaks to a legal conclusion and no response is required. To the extent a response is required, Defendant admits the allegations in the corresponding paragraph of the Complaint.

8. The allegations in the corresponding paragraph of the Complaint reference a document which speaks for itself and no further response is required. To the extent a response is required, Defendant can neither confirm nor deny the validity of the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

9. Defendant can neither confirm nor deny the validity of the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

10. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

11. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

12. The corresponding paragraph of the Complaint speaks to a legal conclusion and no response is required. To the extent a response is required, Defendant denies the allegations in the corresponding paragraph of the Complaint.

**WHEREFORE**, Defendant Tru Val Electric Corp., Inc., respectfully requests this Court enter an Order dismissing the First Count of the Complaint with prejudice, together with counsel fees and costs associated with the defense of this action and any and all other such relief as this Court deems just and appropriate under the circumstances.

## SECOND COUNT

13. Defendant repeats and realleges each and every paragraph of this Answer as if it were set forth fully and at length herein.

14. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs. Defendant notes that this Paragraph fails to set forth with any detail the alleged "additional sums" due and owing and Defendant reserves the right to move this Court to dismiss same pursuant to *Fed. R. Civ. P.* 12(b)(6).

**WHEREFORE**, Defendant Tru Val Electric Corp., Inc., respectfully requests this Court enter an Order dismissing the Second Count of the Complaint with prejudice, together with counsel fees and costs associated with the defense of this action and any and all other such relief as this Court deems just and appropriate under the circumstances.

## THIRD COUNT

15. The corresponding paragraph of the Complaint speaks to a legal conclusion and no response is required. To the extent a response is required, Defendant denies the allegations in the corresponding paragraph of the Complaint.

16. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

17. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

18. The allegations in the corresponding paragraph of the Complaint reference a document which speaks for itself and no further response is required. To the extent a response is required, Defendant admits that, generally, such a procedure is in place.

19. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

20. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs. Defendant notes that this Paragraph fails to set forth with any detail the alleged "additional sums" due and owing and Defendant reserves the right to move this Court to dismiss same pursuant to *Fed. R. Civ. P.* 12(b)(6).

21. The corresponding paragraph of the Complaint speaks to a legal conclusion and no response is required. To the extent a response is required, Defendant denies the allegations in the corresponding paragraph of the Complaint.

**WHEREFORE**, Defendant Tru Val Electric Corp., Inc., respectfully requests this Court enter an Order dismissing the Third Count of the Complaint with prejudice, together

with counsel fees and costs associated with the defense of this action and any and all other such relief as this Court deems just and appropriate under the circumstances.

## FOURTH COUNT

22. Defendant repeats and realleges each and every paragraph of this Answer as if it were set forth fully and at length herein.

23. The allegations in the corresponding paragraph of the Complaint reference a document which speaks for itself and no further response is required. To the extent a response is required, Defendant can neither confirm nor deny the validity of the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

24. The allegations in the corresponding paragraph of the Complaint reference a document which speaks for itself and no further response is required. To the extent a response is required, Defendant can neither confirm nor deny the validity of the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

25. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

26. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs. Defendant notes that this Paragraph fails to set forth with any detail the alleged "additional sums" due and owing and Defendant reserves the right to move this Court to dismiss same pursuant to *Fed. R. Civ. P.* 12(b)(6).

27. The corresponding paragraph of the Complaint speaks to a legal conclusion and no response is required. To the extent a response is required, Defendant denies the allegations in the corresponding paragraph of the Complaint.

**WHEREFORE**, Defendant Tru Val Electric Corp., Inc., respectfully requests this Court enter an Order dismissing the Fourth Count of the Complaint with prejudice, together with counsel fees and costs associated with the defense of this action and any and all other such relief as this Court deems just and appropriate under the circumstances.

## FIFTH COUNT

28. Defendant repeats and realleges each and every paragraph of this Answer as if it were set forth fully and at length herein.

29. The allegations in the corresponding paragraph of the Complaint reference a document which speaks for itself and no further response is required. To the extent a response is required, Defendant admits that, generally, such a procedure is in place.

30. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs.

31. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs. Defendant notes that this Paragraph fails to set forth with any detail the alleged "additional sums" due and owing and Defendant reserves the right to move this Court to dismiss same pursuant to *Fed. R. Civ. P.* 12(b)(6).

**WHEREFORE**, Defendant Tru Val Electric Corp., Inc., respectfully requests this Court enter an Order dismissing the Fifth Count of the Complaint with prejudice, together with counsel fees and costs associated with the defense of this action and any and all other such relief as this Court deems just and appropriate under the circumstances.

## SIXTH COUNT

32. Defendant repeats and realleges each and every paragraph of this Answer as if it were set forth fully and at length herein.

33. Defendant denies the allegations in the corresponding paragraph of the Complaint and leaves Plaintiffs to their proofs. Defendant notes that this Paragraph fails to set forth with any detail the alleged "additional sums" due and owing and Defendant reserves the right to move this Court to dismiss same pursuant to *Fed. R. Civ. P.* 12(b)(6).

**WHEREFORE**, Defendant Tru Val Electric Corp., Inc., respectfully requests this Court enter an Order dismissing the Sixth Count of the Complaint with prejudice, together with counsel fees and costs associated with the defense of this action and any and all other such relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted by:

**TESSER & COHEN, P.C.**

December 21, 2023

/s/ *Steven Keppler*
Steven T. Keppler
946 Main Street
Hackensack, New Jersey 07601
skeppler@tessercohen.com

## AFFIRMATIVE DEFENSES

Defendant hereto sets forth below its Affirmative Defenses known to it as of the time of this filing. Defendant expressly reserves the right to amend and/or supplement these Affirmative Defenses if and as appropriate, up to and including the time of trial and with the permission of the Court and consistent with the *Federal Rules of Civil Procedure* and this Court's Local Rules. The omission of any applicable affirmative defense here shall not bar nor operate as a waiver of such defense if raised subsequently.

### First Affirmative Defense

Plaintiffs' Complaint fails to set forth cognizable claims for relief.

### Second Affirmative Defense

Plaintiffs' breach of contract claims fail for lack of consideration.

### Third Affirmative Defense

Plaintiffs' claims are barred by the ethical doctrine of laches, acquiescence, waiver, and estoppel.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### Fifth Affirmative Defense

Without admitting the validity of any of Plaintiffs' claims, Plaintiffs have suffered no damages which were caused by, directly or proximately, by the answering Defendant such that Defendant should not be found liable to Plaintiffs.

**Sixth Affirmative Defense**

Defendants have, at all times relevant hereto, acted in good faith and in a commercially reasonable manner.

**Seventh Affirmative Defense**

Without admitting the validity of any of Plaintiffs' claims, Plaintiffs have not acted in good faith with respect to their dealings with the Defendant which shall bar their recovery.

**Seventh Affirmative Defense**

Without admitting the validity of any of the Plaintiffs' claims, Plaintiffs' claims for damages are improperly calculated and are therefore misleading, lacking in merit, and/or grossly overstated.

                                              Respectfully submitted by:

                                              **TESSER & COHEN, P.C.**

December 21, 2023                            /s/ *Steven Keppler*
                                              Steven T. Keppler
                                              946 Main Street
                                              Hackensack, New Jersey 07601
                                              skeppler@tessercohen.com